# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ERYK WOMOCZYL and EWA WOMOCZYL,

                        Plaintiff,

        - against -

MERCEDES-BENZ USA, LLC,

                        Defendant.
-----------------------------------------------------------X

**ORDER**

CV 08-4935 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiffs Eryk Womoczyl and Ewa Womoczyl ("Plaintiffs") bring this action for breaches of warranty under federal and New York state law alleging defects in a car which they purchased, and which was manufactured by Defendant Mercedes-Benz USA, LLC ("Defendant" or "Mercedes-Benz"). Presently before the Court is Defendant's Motion [DE 9] to compel Plaintiffs to produce (1) the retainer agreement entered into between Plaintiffs and their attorneys in this action, and (2) "the billing practices and procedures for New York State Lemon Law litigations and/or claims . . . maintained by counsel for plaintiffs" [DE 9]. Plaintiffs oppose [DE 10] the Motion. For the reasons set forth below, Defendant's Motion to Compel is DENIED.

      Defendant asserts that under the New Car Lemon Law, "[a] court may award reasonable attorney's fees to a prevailing plaintiff," N.Y. Gen. Bus. Law § 198-a(l), and "[t]he burden is on the fee applicant to establish the hours removably expended by counsel and the prevailing hourly rate for the work preformed." DE 9 (quoting *Daimlerchyrsler Corp. v. Karman*, 782 N.Y.S.2d 343, 5 Misc. 3d 567, 568 (N.Y. Sup. Ct., Albany County 2004)). Defendant is correct. Because Plaintiffs in the instant action seek an award of attorneys' fees, Defendant argues that it is

entitled to the requested documents in response to its discovery demands, which "bear directly on the issue of the 'reasonableness' of attorney's fees[,]" "[i]n order to properly defend the attorney fee portion of plaintiffs' claim" [DE 9].  Defendant provides no case law to support its position regarding the timing of such production.

Plaintiffs, on the other hand, argue that, under New York law, Defendant is not entitled to the requested documents unless and until Plaintiffs obtain an award for attorneys' fees in this action.  *See* DE 10.  According to Plaintiffs, the requested documents do not become relevant "until recovery is awarded [to] the plaintiff[,]" and production prior to such an award would violate the work-product doctrine and attorney-client privilege.  *Id*   Plaintiffs' counsel further contends that if and when Plaintiff obtains an award of attorneys' fees in this case, he will then produce the "portions of the [Retainer] Agreement which relate to the computation of [the] firm's fees."  *Id*.  Finally, Plaintiffs' counsel asserts that other than the retainer agreement, none of the requested documents exist.  *Id*.

Pursuant to the Complaint [DE 1] filed in this action, Plaintiffs seek, *inter alia*, relief for breach of warranties under New York's New Car Lemon Law, N.Y. Gen. Bus. Law § 198-a (the "New York Lemon Law"), and the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301, *et seq*. (the "Magnuson-Moss Act").  Under the New York Lemon Law, a "court may award reasonable attorney's fees to a *prevailing* plaintiff or to a consumer who prevails in any judicial action . . . ."  N.Y. Gen. Bus. Law § 198-a(l) (emphasis added).  Consistent with the plain language of this provision, attorneys' fees may only be awarded to a party after he or she has prevailed in the action.

Likewise, the Magnuson-Moss Act provides as follows:

> If consumer finally *prevails* in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff . . . .

15 U.S.C. § 2301(d)(2) (emphasis added). Similar to the New York Lemon Law, under the Magnuson-Moss Act, "attorneys' fees do not become an issue until plaintiff prevails, either at trial or through settlement." *Hussain v. Gen. Motors Corp.*, 715 N.Y.S.2d 394, 276 A.D.2d 452, 453 (N.Y. App. Div. 1st Dep't 2000) (trial court properly denied defendant's motion for production of plaintiff's retainer agreement with counsel and counsel's time sheets) (citing 15 U.S.C. § 2301(d)(2)); *see also General Motors Corp. v. Fischer*, 530 N.Y.S.2d 484, 485, 140 Misc. 2d 243, 245 (N.Y. Sup. Ct., Broome County 1988) (in his memorandum in support of the Lemon Law, the New York Attorney General stated that the attorneys' fee provision in the Lemon Law, which would "[authorize] a court to award reasonable attorney's fees to a prevailing consumer . . ." was consistent with section 2310(d)(2) of the Magnuson-Moss Warranty Act") (quoting Mem. of Attorney-General, June 23, 2983, Bill Jacket to L 1983, ch 444, at 5). Moreover, *Daimlerchyrsler Corp. v. Karman*, 782 N.Y.S.2d 343, 5 Misc. 3d 567, on which Defendant relies in support of its motion to compel, actually supports Plaintiff's position here. In that decision, the court had already determined that plaintiff, as the prevailing party, was entitled to an award of attorneys' fees and was determining the amount of the award. *Daimlerchyrsler Corp.*, 782 N.Y.S.2d at 345.

Pursuant to the New York Lemon Law and the Magnuson-Moss Act, Plaintiffs' attorneys' fees in the instant case do not become an issue unless and until Plaintiffs prevail in this action. Thus, the documents sought by Defendant, which bear solely upon the issue of attorneys' fees, are not relevant at this stage of the litigation. Accordingly, Defendant's motion to compel is DENIED.

                                              **SO ORDERED.**

Dated: Central Islip, New York
October 28, 2009

                                          /s/ A. Kathleen Tomlinson
                                          A. KATHLEEN TOMLINSON
                                          U.S. Magistrate Judge