| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 3/19/10 |
| | U.S. MAGISTRATE JUDGE | TIME: | 10:30 AM |

*Womoczyl, et al. -v- Mercedes-Benz USA LLC*, **CV 08-4935 (JS) (AKT)**

| TYPE OF CONFERENCE: | **ORAL ARGUMENT** | | |
|---|---|---|---|
| APPEARANCES: | Plaintiffs | Susan Schneiderman | |
| | Defendant | Scott C. Tuttle | |

SCHEDULING:

A Second and Final Amended Case Management Order will be entered separately.

THE FOLLOWING RULINGS WERE MADE:

1. Defendant filed an application seeking various relief. *See* DE 15. Plaintiffs opposed and, in addition, effectively filed a cross-application for relief. *See* DE 17. I heard oral argument on the requests this morning. After the parties left the conference today, it was brought to my attention that neither application was filed as a motion. Therefore, my staff contacted counsel subsequent to the conference and directed them to re-file their papers as letter motions immediately.

2. The papers have now been re-filed. Defendant's motion [DE 15] is GRANTED to the extent that Defendant will be permitted to take the deposition of Plaintiff's expert, Darren Manzari. That deposition is to be conducted within the next 30 days. Counsel are to confer, pursuant to Local Civil Rule 37.3, regarding the arrangements for the deposition.

3. Defendant's expert, Daniel O'Leary, testified previously in this case as Defendant's Rule 30(b)(6) witness. O'Leary was subsequently designated as Defendant's expert. Plaintiffs' counsel wishes to review the transcript and confer with her colleagues to determine whether Plaintiffs wish to re-open O'Leary's deposition to ask further questions of him in his expert capacity. Plaintiffs' right to do so is preserved. However, if Plaintiffs wish to re-open the deposition, the deposition likewise must be conducted within the next 30 days.

4. Defendant is withdrawing his client's request for a second inspection of the subject vehicle.

5. Plaintiffs' request [DE 17] for an adverse inference instruction to the jury on the grounds of spoliation of the ball joint removed from Plaintiffs' vehicle is DENIED, without prejudice. Because of the nature of the relief requested, I advised counsel that a letter motion and response with little, if any, case law was insufficient for the nature of the relief requested here. The parties have agreed to the following briefing schedule for an appropriate motion brought under the Federal Rules:

- Plaintiffs' motion papers, including the required memorandum of law, to be served by (a) May 4, 2010 or (b) two weeks after completion of the deposition of Plaintiffs' expert, whichever is earlier.

- Defendant's opposition papers, including the required memorandum of law, must be served by (a) May 25, 2010, or (b) three weeks after receipt of Plaintiffs' motion papers, whichever is earlier.

- Plaintiffs' reply papers, if any, must be served by (a) June 4, 2010, or (b) one week after receipt of Defendant's opposition papers, whichever is earlier.

6. Defendant intends to move for summary judgment. Therefore, counsel are to arrange a mutually agreeable schedule for exchange of their Rule 56.1 Statements in compliance with Judge Seybert's Individual Practice Rules. The last day on which either party may file a letter request for a pre-motion conference to Judge Seybert is July 5, 2010.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge